IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv127-MU

| | |
|---|---|
| ACCESS FOR THE DISABLED, INC., ) <br> A Florida not for profit corporation, and ) <br> DENISE PAYNE, Individually, ) <br> ) <br> Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> RAMADA INN, a North Carolina ) <br> Company, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

This matter is before the Court upon Plaintiffs' Motion for Entry of Default Judgment and Motion for Leave to File First Amended Complaint. Plaintiffs filed the present action against Defendant Ramada Inn on March 17, 2012, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA") and seeking injunctive relief for removal of discriminatory barriers to access encountered by Plaintiff Payne at Defendant's place of public accommodation on Woodlawn Road in Charlotte, North Carolina. Default was entered against the Defendant on July 2, 2010. The Ramada Inn property at issue was sold in 2011 to Shreeji Hospitality Investors, LLC. Plaintiffs seek to amend the Complaint to add the new owner of the property as a Defendant. Plaintiffs also seek to have the Court enter default judgment against the original owner of the property, Ramada Inn. In their Motion for Default Judgment, Plaintiffs seek injunctive relief against Ramada Inn ordering it to alter the subject facilities to make them readily accessible to individuals with disabilities to the extent required by the ADA. Plaintiffs also seek fees and expenses.

It appears to the Court that the relief sought by Plaintiffs in their Motion for Default Judgment is futile. As the original Defendant Ramada Inn no longer owns the subject property, it cannot effectuate the remediation requested. The default judgment would therefore be unenforceable as against Defendant Ramada Inn. As it is impossible for the Court to order a party to remediate property it does not own, Plaintiffs cannot be considered "prevailing parties" as against Ramada Inn and are therefore not entitled to costs and fees.

The Court will treat Plaintiffs' Motion to Amend as a motion to substitute Shreeji Hospitality Investors, LLC as a Defendant in this action, and as such, will grant the motion.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Default Judgment is hereby DENIED, and

IT IS FURTHER RODERED that Plaintiffs' Motion to Amend is converted to a motion to substitute party and is hereby GRANTED. Plaintiffs shall serve Shreeji Hospitality Investors, LLC with the summons and Complaint.

Signed: January 15, 2013

Graham C. Mullen
United States District Judge